**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

CASE NO.: 19-63009-CIV-SMITH

HOWARD CAPLAN,

    Plaintiff,

v.

MODERN AUTO SALES, INC., *et al*,

    Defendants.

_____/

**ORDER GRANTING MOTION TO DISMISS COUNTERCLAIM**

This matter comes before the Court upon Plaintiff's Motion to Dismiss Counterclaim [DE 10], which seeks to dismiss the Counterclaim contained within Defendants' Answer [DE 9] for failure to state a claim. The Court has carefully considered the Motion to Dismiss, Defendants' Response [DE 13], Plaintiff's Reply [DE 19], the applicable law, and the record as a whole. For the reasons set forth below, the Motion [DE 10] is granted.

On December 6, 2019, Plaintiff, Howard Michael Caplan, filed his Complaint [DE 1] against Defendants, Modern Auto Sales, Inc. and Miami Group Realty, LLC, for declaratory and injunctive relief pursuant to the Americans with Disabilities Act, 28 U.S.C. § 12181 *et seq* ("ADA"). On January 9, 2020, Defendants filed their Answer, Affirmative Defenses, and Counterclaim [DE 9]. Relevant to the instant Motion, the Counterclaim appears to allege that, because Plaintiff "is asserting frivolous facts and Plaintiff's claim is predicated on improper application of legal principals," "Defendants are entitled to recover attorneys' fees, costs and litigation expenses in accordance with 42 U.S.C. § 12205." (DE 9 at 9.) Plaintiff moved to dismiss

1

the Counterclaim on January 30, 2020, arguing that Defendants have failed to state a claim for which relief may be granted. Specifically, Plaintiff avers that the Counterclaim merely seeks a remedy available to a prevailing party and does not state a claim. On February 24, 2020, Defendants filed their Response to Plaintiff's Motion, wherein they contend that they have properly asserted a counterclaim because Plaintiff has filed a frivolous lawsuit and, therefore, Defendants are entitled to fees and costs. Plaintiff filed his Reply on March 17, 2020.

Defendants' Response is untimely, as it was originally due on or before February 13, 2020, but was instead filed ten days late. Pursuant to Local Rule 7.1(c), "For all motions, except motions served with the summons and complaint, each party opposing a motion shall file and serve an opposing memorandum of law no later than fourteen (14) days after filing and service of the motion. Failure to do so may be deemed sufficient cause for granting the motion by default." While the Court would be well within its right to grant Plaintiff's Motion by default, the Court nonetheless takes into consideration the arguments contained within Defendants' Response.

A pleading in a civil action must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). A Rule 12(b)(6) motion to dismiss tests the sufficiency of the pleading against Rule 8's legal standard. To survive a motion to dismiss, the pleader must sufficient facts to state a claim that is "plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The Court's consideration is limited to the allegations in the pleading. *GSW, Inc. v. Long Cty.*, 999 F.2d 1508, 1510 (11th Cir. 1993). All factual allegations are accepted as true and all reasonable inferences are drawn in the pleader's favor. *Speaker v. U.S. Dep't of Health & Human Servs. Ctrs. For Disease Control & Prevention*, 623 F.3d 1371, 1379 (11th Cir. 2010).

Defendants' Counterclaim fails to state a claim for which relief may be granted, as it merely states that Defendants are entitled to fees and costs. Defendants cannot maintain a separate counterclaim on the sole basis of seeking attorneys' fees if successful in defending this lawsuit and may only later seek attorneys' fees pursuant to the ADA if they prevail. *See Karakis v. Foreva Jens, Inc.*, No. 08-61470CIV, 2009 WL 247906, at *1 (S.D. Fla. Feb. 2, 2009). Similarly, to the extent Plaintiff seeks fees from Defendants for the filing of its Counterclaim, that request, too, is premature and must be done by separate motion at the appropriate time. Accordingly, the Counterclaim shall be dismissed, without prejudice to Defendants later seeking attorney's fees if they prevail in this case and in compliance with applicable precedent.

For these reasons, it is hereby

**ORDERED** that Plaintiff's Motion to Dismiss Counterclaim [DE 10] is **GRANTED** and Defendants' Counterclaim is **DISMISSED**.

**DONE AND ORDERED** in Fort Lauderdale, Florida, this 29th day of April, 2020.

RODNEY SMITH
UNITED STATES DISTRICT JUDGE